IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA WILLIAM JACKSON,<br>    ID # 54191-177,<br>        Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | )<br>)<br>)<br>)  No. 3:20-CV-3004-L-BH<br>)<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before the Court is the *Application to Proceed In Forma Pauperis*, received on October 29, 2020 (doc. 7). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

After pleading guilty to a three-count superseding information, Joshua William Jackson (Plaintiff) was sentenced to a total aggregate sentence of 156 months by judgment dated August 17, 2017. (*See United States v. Jackson*, No. 3:16-CR-196-L (N.D. Tex.), doc. 111.) On September 22, 2020, he filed *Defendant's Motion for the Return of Seized Property Pursuant to Rule 41(g)*, in that closed criminal case, and the motion was liberally construed as a complaint in a new civil case by order dated September 30, 2020. (*See id.,* doc. 184; *see* docs. 3, 4.) By *Notice of Deficiency and Order* dated October 1, 2020, Plaintiff was advised that his motion had been filed in a new civil case, and that he had not paid the filing fee or submitted a request to proceed *in forma pauperis* (IFP) for that case. (*See* doc. 6.) He was ordered to either pay the $400 filing fee or submit an IFP application with the required certificate of inmate trust account within thirty days. (*See id.*) The order specifically advised him that even if he was granted leave to proceed IFP, he would still be required to pay the full filing fee, but would be allowed to pay it in installments that would be

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

automatically withdrawn from his inmate account. (*See id.*)

On October 29, 2020, Plaintiff's IFP motion was received. (*See* doc. 7.) His certificate of inmate trust account showed that he had $797.55 in his prison account, had received deposits totaling $6,840.00 during the prior six months, and had maintained a six-month average daily balance of $919.03, so the Court found that he had enough assets to pay the filing fee. (*See* doc. 8.) He was given thirty days from October 30, 2020, to pay the full filing fee. *Id.* The order specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.*

On November 10, 2020, the Plaintiff's objection to the order that he pay the full filing fee was received. (*See* doc. 9.) He has not paid the filing fee despite having sufficient assets.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The plaintiff's certificate of trust account shows that as of October 21, 2020, he had $797.55 in his prison account, had received deposits totaling $6,840.00 over the prior six months, and maintained a six-month average daily balance of $919.03. His IFP motion does not show that he has any demands on his financial resources, or that he will suffer undue financial hardship after

payment of the $402 filing fee for this civil action.[2]  His application to proceed *in forma pauperis* should therefore be denied.

### III.  RECOMMENDATION

Plaintiff's motion to proceed *in forma pauperis* should be denied, and he should be ordered to pay the full filing fee.  He should also be advised that his case may be dismissed if he fails to comply with the order to pay the filing fee.

**SIGNED** on this 2nd day of February, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]  The filing fee has now increased to $402.  A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.  *See id*.  The $52 administrative fee will not be deducted.  *Id.*